IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                             *
WILA B.V.
                             *
     Plaintiff,
                             *
v.                                      CIVIL NO.: WDQ-06-2861
                             *
WILSON TOOL INTERNATIONAL,
INC.,                        *

     Defendant.              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Wila B.V. ("Wila") has sued Wilson Tool International, Inc.,
("Wilson") for infringement of U.S. Patent No. 5,245,854 (the
"'854 Patent").  Pending is Wilson's motion to dismiss for lack
of personal jurisdiction or, in the alternative, to transfer
venue to the District of Minnesota.  For the following reasons,
the case will be transferred to the District of Minnesota.


I.  Background

Wila is a Netherlands corporation with its principal place
of business in Lochem, the Netherlands.  Compl. ¶ 2.  Wila's
wholly owned subsidiary, Wila U.S.A., LLC ("Wila USA"), is a
Maryland limited liability company with its principle place of
business at 9135 Guilford Road, Columbia, Maryland 21407.  *Id*.,
Md. Dep't of Assessments and Taxation, http://sdatcert3.resiusa
.org/ucc-charter/CharterSearch_f.asp/ (search "Wila U.S.A. LLC").

Wilson is a Minnesota corporation with its principle place of business at 12909 Farnham Avenue, White Bear Lake, Minnesota 55110.  Compl. ¶ 3.

Wila owns the '854 Patent, and claims that Wilson is infringing the patent under 35 U.S.C. § 271(a) by making, offering to sell, and selling "WT Style" press brake tooling products (the "WT Products").  *Id*. ¶ 5, 6.  Wila seeks an injunction of further infringement, treble damages under 35 U.S.C. § 284, and attorneys' fees under 35 U.S.C. § 285.  *Id*. ¶ 9.

Wilson argues that the case must be dismissed because it lacks sufficient contacts with the State and District of Maryland to be under the jurisdiction of this Court.  Alternatively, if the Court finds it has personal jurisdiction, Wilson argues that the Court should transfer venue under 28 U.S.C. § 1404(a) because the convenience of the parties and witnesses and the interest of justice favor adjudication in the District of Minnesota.

II.  Discussion

A.  Standard of Review

1.  Choice of Law

As Wila asserts that this Court's subject matter jurisdiction is based in part on 28 U.S.C. § 1338, the Federal Circuit has exclusive appellate jurisdiction over this case under

28 U.S.C. § 1295(a)(1).  The Court will thus follow applicable Federal Circuit precedent if such authority is available, otherwise it will apply the law of the Fourth Circuit.

2.  Personal Jurisdiction

The Federal Circuit has established its own precedent governing the determination of personal jurisdiction in a patent infringement case.  *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).  Under that precedent:

> A district court may properly exercise personal jurisdiction over a non-consenting party outside the forum state if a two-step inquiry is satisfied.  First, the party must be amenable to service of process under the appropriate state long-arm statute.  Fed. R. Civ. Pro. 4(e), 4(k)(1)(A); *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).  Second, the culmination of the party's activities within the forum state must satisfy the minimum contacts requirement of the due process clause.  *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154.

*Hildebrand v. Steck Mfg. Company, Inc.,* 279 F.3d 1351, 1354 (Fed. Cir. 2002).  "Because the limits of Maryland's statutory authorization for the exercise of personal jurisdiction are coterminous with the limits of the Due Process Clause, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one."  *Stover v. O'Connell Associates, Inc.,* 84 F.3d 132, 135-36 (4th Cir. 1996);  Md. Code Ann., Cts. & Jud. Proc. § 6-103 (Maryland's long-arm statute).

"[D]ue process requires . . . that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain *minimum contacts* with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316 (internal quotation marks omitted) (second emphasis added).  Such minimum contacts must be purposefully established, and "the defendant's conduct and connection with the forum State . . . such that he should reasonably anticipate being haled into court there."  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) (internal quotation marks omitted).

What minimum contacts are necessary to support personal jurisdiction depends on whether the plaintiff wishes the court to assert "specific" or "general" personal jurisdiction over the defendant.  *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005).  "Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those contacts are 'isolated and sporadic.'" *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (*quoting Burger King*, 471 U.S. at 472-73).  If the suit does not arise out of nor is related to the defendant's activities within the forum, the court may still assert "general" personal jurisdiction if the defendant's contacts with the forum

4

constitute a "continuous and systematic . . . part of its general business." *Helicopteros Nacionales de Colombia., S.A., v. Hall*, 466 U.S. 408, 415-16 (1984) (internal quotation marks omitted).

3.  Standard of Proof

In responding to a pretrial motion to dismiss for want of personal jurisdiction made before the parties have conducted discovery, the opposing party need only make a *prima facie* showing that the movant is subject to personal jurisdiction, and the court must construe all pleadings and affidavits in the light most favorable to the opposing party. *Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003).

B.  Analysis

1.  Specific Jurisdiction

The Federal Circuit uses a three-factor test to determine whether asserting specific jurisdiction in a patent case satisfies due process: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Id*. at 1201-02.  As the first two factors derive from the minimum contacts requirement of *International Shoe*, the burden of proof for those factors is on

the party asserting jurisdiction; if that burden is met, then it
is up to the party moving to dismiss to show that the court's
assertion of jurisdiction would not be "reasonable and fair."
*Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

Wila argues that the Court has special jurisdiction because
patent infringement may result from an offer to sell the
infringing product, and Wilson has offered to sell the accused WT
Products in Maryland.  Wila contends that: (1) the WT Products
are offered for sale on Wilson's Internet site, which may be
accessed by Maryland residents; (2) Wilson has two salesmen who
market the WT Products to Maryland businesses; and (3) Wilson has
attempted to sell the WT Products to a customer in Columbia,
Maryland.[1]

Specific jurisdiction is lacking because the contacts
alleged by Wila, even in the most favorable light, do not
establish that Wilson purposefully directed offers to sell the WT
Products in Maryland.  That the WT Products are offered for sale
on Wilson's Internet site does not show that Wilson purposefully
directs offers to forum residents.  If it did, then Wilson would
be subject to personal jurisdiction in any forum where potential
buyers of the WT Products have Internet access--essentially every

---

[1] Although Wila makes this third argument in support of
general jurisdiction, as it alleges one instance involving the
accused products, it is best suited as support for specific
jurisdiction.  In either case, it deserves no merit.

U.S. district.  "Such a construction of the purposeful availment requirement would negate one of the critical functions of the Due Process Clause, which is to ensure the 'orderly administration of the laws' in a federal system." *Shamsuddin v. Vitamin Research Products,* 346 F. Supp. 2d 804, 817 (D. Md. 2004) (*citing Int'l Shoe*, 326 U.S. at 319).

Further, the contention that Wilson's two salesmen marketed the WT Produts in the forum state is not supported by the cited affidavit, which merely states: "These salesmen are actively showing Wilson Tool products to fabricating machinery and tooling distributors located in Maryland."  Pl.'s Opp'n Ex. 1 (Hans. Willemsen Aff.).  This statement does not evince an offer to sell the WT Products in Maryland, only unspecified Wilson products, which does not support specific jurisdiction for an infringement claim.

Finally, the sole evidence of an activity in the forum from which Wila's claim could arise, of an offer by Wilson to sell the WT Products to a Columbia, Maryland, resident, is an apparent attempt by Wila to avoid dismissal by a fabricated offer of sale in the forum.  *See Millennium Enterprises, Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 911 (D. Or.1999) (finding that an online purchase by an acquaintance of the plaintiff's counsel was a "thinly veiled attempt by the plaintiff to 'manufacture a contact' in the forum").  The sales quote was

solicited by Wayne A. Griffin, Jr., an employee of Viereck
Company ("Viereck") on November 14, 2006, two weeks after Wila
filed its Complaint.  Def.'s Reply Ex. 2 (e-mail from Griffin to
Wilson salesman Peter Reynaud).  Viereck's office is at the same
address in Columbia, Maryland as Wila USA.  Def.'s Reply Ex. 3
(Wilson quote to Viereck Company).  Brian E. Robinson, Wilson's
co-president, states that Viereck is a subsidiary of Phillips,
which has an ongoing business relationship with Wila USA.  Def.'s
Reply Ex. 1 (Robinson Supp. Decl.) ¶ 3.  The Court will not
consider a sales quote solicited *post litem motam* by a party
closely related to the plaintiff as a purposefully directed offer
of sale in the forum state.

2.  General Jurisdiction

        In asserting that exerting general jurisdiction over Wilson
would be proper, Wila argues that Wilson maintains continuous and
systematic contacts with Maryland because: (1) Wilson has sold
its products to Maryland residents; (2) Maryland residents may
purchase Wilson's products through its Internet site; (3) Wilson
advertises its products in two nationally distributed industry
publications; (4) Wilson directly markets its products to
Maryland customers by mail and e-mail; and (5) Wilson has two
salesmen appointed to market its products to distributors located
in Maryland.  Pl.'s Opp'n Ex. 1 ¶¶ 4, 5.

Wilson co-president Robert A. Haskins declares that his company's records show no sales of the WT Products in Maryland, and that only 0.37% of Wilson's sales of other products have been to Maryland residents.  Def.'s Mot. Ex. 1 (Haskins Decl.) ¶¶ 8, 15.  He further states that Wilson has never maintained any offices, facilities, or personal property, manufactured or packaged any of its products, or otherwise conducted business operations in Maryland.  *Id*. ¶¶ 10-12.  Wilson's sales engineers for Maryland, Thomas Snively and Peter Reynaud, live in Pennsylvania and Virginia, respectively, and no other Wilson employees live in Maryland.  *Id*. ¶ 14; Def.'s Reply Ex. 1 ¶ 2. Robinson states that neither Snively nor Reynaud serve Maryland exclusively--Snively also serves Pennsylvania and Reynuad serves West Virginia and Virginia.  Def.'s Reply Ex. 1 ¶ 2.

"Broad constructions of general jurisdiction should be generally disfavored." *Nichols v. G.G. Searle & Co.*, 991 F.2d 1195, 1200 (4th Cir. 1993).  Although Wila's president Hans Willemsen contends that Wilson's low sales figures in Maryland are normal because the state typically represents only 0.6% of United States machine tool consumption, it is not clear how that helps Wila's argument.  Wilson's relatively insignificant sales activity in the state is not sufficient to warrant general jurisdiction.  *Nichols*, 991 F.2d at 1200.

The ubiquitous nature of the Internet does not subject

9

online vendors like Wilson to general jurisdiction wherever their
purchasers may reside. *Robbins v. Yutopian Enterprises, Inc.,*
202 F. Supp. 2d 426, 430 (D. Md. 2002).  Similarly, neither
advertising in national trade publications nor soliciting by
mail, electronic or otherwise, sustains general jurisdiction in
every forum such marketing materials are received.  "Advertising
and solicitation alone do not constitute the 'minimum contacts'
required for general jurisdiction." *Nichols*, 991 F.2d at 1200
(*citing Ratliff v. Cooper Laboratories, Inc.,* 444 F.2d 745, 748
(4th Cir. 1971)).  Further, employing salesmen, even ones who
live in the forum state, which here is not the case, to market
the company's products in the forum does not "constitute the type
of 'continuous corporate operation' within a forum state that
justifies general jurisdiction" over a non-resident defendant.
*Nichols*, 991 F.2d at 1999; *Ratliff,* 444 F.2d at 748.
Accordingly, this Court lacks personal jurisdiction over Wilson.


3.  Jurisdictional Discovery

     Wila contends that if the existing record does not support
personal jurisdiction over Wilson in Maryland, it is entitled to
jurisdictional discovery.

     Jurisdictional discovery "is appropriate where the existing
record is inadequate to support personal jurisdiction and a party
demonstrates that it can supplement its jurisdictional

allegations through discovery." *Trintec Industries*, 395 F.3d at 1283 (internal quotation marks omitted).

Wila contends that discovery concerning: (1) additional advertising by Wilson in Maryland, (2) Wilson's detailed sales records to Maryland's customers, and (3) the presence of Wilson's employees in Maryland for trade shows, would supplement its jurisdictional arguments. The Court disagrees. Further evidence of Wilson's advertising activities in the forum would not alter the Court's conclusion. *Nichols*, 991 F.2d at 1200. A more detailed break-down of Wilson's sales to Maryland would not alter their *de minimus* nature, and the occasional presence of Wilson employees at trade shows and other industry events in the forum state would not demonstrate continuous and systematic contacts with Maryland.

4. Transfer

Under 28 U.S.C. § 1631, a district court finding a want of jurisdiction shall transfer a case to another federal district court where the case could have been brought if such a transfer is in the interest of justice. Jurisdiction is proper in the District of Minnesota, where Wilson is based and chartered, and judicial efficiency will be served by avoiding repetitive filings and any procedural complications that may ensue from dismissal. Accordingly, the case will be transferred to the District of

Minnesota.

III.  Conclusion

For the reasons stated above, this Court lacks personal jurisdiction over Wilson, and, in the interest of justice, the case will be transferred to the District of Minnesota.


April 2, 2007                           _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge

12